# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DANIEL DOBROWSKI,

        Plaintiff,

v.                                            CIVIL NO. 07-13267
                                            HON. LAWRENCE P. ZATKOFF

JAY DEE CONTRACTORS, INC.,

        Defendant.

_____/

# PROTECTIVE ORDER
# REGARDING DISCOVERY OF CONFIDENTIAL COMPANY DOCUMENTS

HAVING BEEN DULY ADVISED by the parties in the above-captioned litigation that they have stipulated to entry of this Protective Order Regarding Discovery of Confidential Company Documents, and otherwise being fully advised in the premises and, therefore,

**IT IS HEREBY ORDERED** that:

1. Any category of documents and/or things identified as being produced subject to this Protective Order Regarding Discovery of Confidential Company Documents, and the documents and/or things and their content shall not be disclosed beyond the confines of this lawsuit.

2. All such documents and materials identified in Paragraph 1, above, which are deemed "Confidential," as defined below, shall be marked "Confidential," and shall be used by counsel for Plaintiff only in connection with this action and shall not be provided, disclosed or made known to any person by Plaintiff's counsel except Plaintiff, paralegal and secretarial employees of Plaintiff's counsel, deposition and trial witnesses, experts, persons directly involved in the preparation of trial witnesses and experts, and other persons directly involved in the preparation or trial of this action. Prior to disclosing such documents during deposition, at trial or to expert

witnesses, non-expert witnesses or to other persons directly involved in the preparation or trial of this action, Plaintiff's counsel shall have such person review this Order and such person shall be advised of the obligation to honor the confidentiality designation and must agree to do so.

3. As used herein, "Confidential" means information, documents or materials that the designating party deems to constitute confidential trade secrets, proprietary data, proprietary business information, information designed to develop and/or retain the designating party's competitive edge and/or research, development, personnel, commercial or financial information. All documents and any other information subject to this Order shall not be used by Plaintiff or Plaintiff's counsel for any business, competitive, personal, private or public purpose.

4. Confidential documents may be disclosed to the Court, its personnel, court reports, mediators, facilitators and/or arbitrators. Any document covered under this Order filed with the Court, mediators, facilitators or arbitrators must be filed under seal and must comply with the following procedures:

- a. Documents are to be sealed (closed, fastened, taped or otherwise secured) in an envelope of comparable size no larger than 9 by 12.

- b. Each envelope must list the following information, and each document is to be in a separate envelope:

    i. Case number;

    ii. Case title;

    iii. Party, name, and complete title of document (i.e., Defendant's Motion for Summary Disposition) must be noted on each envelope. (Motions, affidavits and memorandums are considered three separate documents); and

    iv. **"SEALED"** or **"CONFIDENTIAL."**

      c. The procedure set forth in this paragraph shall be followed unless otherwise ordered by this Court.

5. Subject to the Federal Rules of Evidence, materials protected by this Order may be offered in evidence at trial or at any court hearing subject to such protective measures as may be directed by this Court.

6. Upon termination, either by final judgment after appeal, if any, or by settlement of this litigation, Plaintiff's counsel shall return to Defendant's counsel, within thirty (30) business days of receipt of a written request, all materials and information protected by this Order, and shall certify in writing that such materials, including all copies, have been returned. Plaintiff's counsel shall destroy any and all extracts, summaries, and analyses of the information or materials protected by this Order and shall certify in writing to Defendant's counsel that such materials, including all copies, have been destroyed.

7. Nothing contained herein shall be construed to prevent, limit or restrict the use of Confidential documents protected by this Order by Defendant's employees in the performance of their duties for Defendant.

8. The inadvertent production of any attorney-client privileged and/or work product protected document shall not constitute waiver of the privilege or protection, and shall not constitute a general waiver of such privilege or protection. If the party who inadvertently produced such documents demands return of the document on the grounds that it is attorney-client privileged and/or work product protected and has been produced inadvertently, and the party to whom the document has been produced refuses to return it, the party who produced the document will promptly file a

motion to compel the return of the document; and the party to whom the document was produced may retain the document pending resolution of the motion to compel but, unless and until that motion is denied by the Court, may not use or disclose that document in any way, except as it relates to the motion to compel.

10. The terms of this Order shall survive and remain in effect after the termination or settlement of this litigation.

11. This Order is subject to modification at any time upon further stipulation of the parties or pursuant to an order of this Court.

|  |  |
|---|---|
| Date: January 17, 2008 | s/Lawrence P. Zatkoff<br>Hon. Lawrence P. Zatkoff<br>United States District Judge |
| s/Joseph F. Lucas<br>Skupin & Lucas, P.C.<br>Attorneys for Plaintiff<br>155 W. Congress, Suite 350<br>Detroit, MI 48226<br>(313) 961-0425 | Date: January 3, 2008 |
| s/Brian M. Schwartz<br>Miller, Canfield, Paddock & Stone, P.L.C.<br>Megan P. Norris (P39318)<br>Brian M. Schwartz (P69018)<br>Attorneys for Defendant<br>150 West Jefferson, Suite 2500<br>Detroit, MI  48226<br>(313) 963-6420 | Date   January 14, 2008 |