# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**DANIEL DOBROWSKI,**

      **Plaintiff,**           **CIVIL ACTION NO. 07-CV-13267-DT**

  VS.                     **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**JAY DEE CONTRACTORS, INC.,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY OF DEFENDANT'S RESPONSES TO REQUESTS FOR ADMISSION

This matter comes before the Court on Plaintiff's Motion to Determine Sufficiency of Defendant's Responses to Requests for Admission filed on March 26, 2008. (Docket no. 35). Defendant filed a Response. (Docket no. 38). Plaintiff filed a Reply brief. (Docket no. 39). The parties also filed a Joint Statement of Resolved/Unresolved Issues on May 9, 2008. (Docket no. 40). This Court heard oral argument on May 20, 2008. This motion was referred to the undersigned for decision. (Docket no. 36). The motion is now ready for ruling.

**I.    Facts and Contentions of the Parties**

This is an action pursuant to the Family and Medical Leave Act arising out of Plaintiff's layoff of December 13, 2004, immediately upon his return to work from an approved FMLA leave period. Plaintiff alleges that he returned to work only to be told that he was being laid off due to a lack of work. The discovery period ended on February 15, 2008. (Docket no. 16). Plaintiff served his Requests for Admission on January 31, 2008. (Docket no. 38, ex. 4). Defendant responded to those Requests on February 15, 2008. (*Id.* ex. 5). Plaintiff argues that Defendant's responses to Request Nos. 7, 9, 10, 12,

and 14 are inadequate and moves for the Court to deem the Requests admitted. Defendant responds by arguing that Plaintiff's motion is not timely and that it has responded appropriately to each Request.

**II.   Governing Law**

Pursuant to Fed. R. Civ. P. 36, a matter is admitted unless a proper response is served within 30 days of the service date of the Request. Fed. R. Civ. P. 36(a)(3). A proper request to admit is directed to facts, the application of law to fact, or opinions about either, as well as the genuineness of any described documents. Fed. R. Civ. P. 36(a)(1). The requesting party may move to determine the sufficiency of an objection or answer, and the court may order than an answer be served or order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6). Requests for admissions should not be directed toward conclusions of law. *In re Olympia Holding Corp.,* 189 B.R. 846, 853 (Bankr. M.D. Fla. 1995) (citing *Fidelity Trust Co. v. Stickney*, 129 F.2d 506 (7th Cir. 1942)).

**III.   Analysis**

The Court first notes that Plaintiff served his Requests for Admission on January 31, 2008 and that the close of discovery was February 15, 2008. Judge Zatkoff's scheduling order entered on October 1, 2007 requires that all discovery be initiated "well in advance of the discovery cut-off date." (Docket no. 11 at 2). Plaintiff's service of these Requests to Admit was not well in advance of the discovery cut-off date as Judge Zatkoff's Order requires.[1] Defendant also argues that Plaintiff's motion violates the portion of Judge Zatkoff's Order requiring that motions to compel be filed and heard before the discovery cut-off date. (*Id.*). If this motion is considered to be a motion to compel, it was not timely under that provision. However, the Court finds some merit in Plaintiff's argument that this motion to determine the sufficiency of Defendant's responses should not be considered to be a motion to compel.

---

[1] Plaintiff's counsel during oral argument attributed the late filing to the fact that discovery was still being taken late in the discovery period.

2

(Docket no. 39). Plaintiff is not seeking additional discovery. Instead, he confines his requested relief to the Court ordering that the matters be deemed admitted. Due to the type of relief Plaintiff requests, the Court will not deny the motion as an untimely motion to compel.

This motion concerns Defendant's responses to five Requests to Admit. In Request No. 7 Plaintiff asked that Defendant admit that "the serious health condition sustained by Daniel Dobrowski is medically intractable epilepsy." Defendant objected because the Request seeks a medical opinion and legal conclusion. The Court agrees that it does seek a legal conclusion by using the term "serious health condition." Moreover, Defendant shows through reference to medical records that its response, that it cannot admit or deny the Request after making reasonable inquiry, is appropriate under Rule 36(a)(4) as to the cited medical condition. Defendant therefore responded appropriately to this Request.

In Request No. 9 Plaintiff asked that Defendant admit that it "informed [Plaintiff] that [Defendant] would leave his position open for at least twelve (12) weeks from October 18, 2004." The Request referenced a letter from Defendant's President dated October 5, 2004. In this letter Defendant's President stated to Plaintiff that "Jay Dee Contractors, Inc will leave your position open for at least twelve (12) weeks from October 18, 2004." (Docket no. 38 at 13). Defendant responded by admitting that the letter speaks for itself and that it properly advised Plaintiff of his FMLA rights. Given this letter the Court finds no reason why Defendant cannot admit this Request. Defendant's counsel during oral argument agreed that there was no reason why Defendant could not either admit or deny the Request. Therefore, the Court will order that Request No. 9 is deemed admitted.

Request Nos. 10 and 12 refer to a return to work letter that Plaintiff may have presented to Defendant upon his return to work. However, the discovery taken in this action shows much confusion over whether Plaintiff presented the particular letter referred to in these Requests to Defendant.

3

(Docket no. 38, ex. 8 at 163, 228-29). Accordingly, the Court finds that Defendant's response to these Requests are appropriate.

Finally, Request No. 14 asks that Defendant admit that "JDC has no evidence that [Plaintiff] could not perform the essential functions of a staff engineer at JDC when he returned to work on December 13, 2004." Defendant objected because the Request is confusing due to the double negative and also stated that after making reasonable inquiry it lacks sufficient knowledge or information to admit or deny this Request. Requests for admission should not be directed toward conclusions of law. *In re Olympia Holdings Corp.*, 189 B.R. at 853. The phrase "unable to perform an essential function of the position" is a legal term used in the FMLA regulations. *See* 29 C.F.R. § 825.214. Therefore, Defendant's response is appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Determine the Sufficiency of Defendant's Responses to Requests for Admission (docket no. 35) is **GRANTED** to the extent that Request No. 9 is admitted, and is otherwise **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: May 21, 2008           s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: May 21, 2008         s/ Lisa C. Bartlett
                            Courtroom Deputy